IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LYON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRANS UNION, LLC, et al. | : | 14-CV-934 |

**O R D E R**

AND NOW, this 10th day of November, 2015, IT IS HEREBY ORDERED that the oral motion of the plaintiff to transfer this case to the Northern District of Ohio is GRANTED.

The Clerk of Court is directed to transfer this case and forward the file to the Northern District of Ohio forthwith.

In support of this order, I make the following findings:

1. This case was brought in this district by local counsel who had been retained to represent Mr. Lyon. Mr. Lyon resides in the Northern District of Ohio and has no contact with this jurisdiction. Counsel were permitted to withdraw on September 8, 2015, and this case was transferred to my docket.[1]

2. A scheduling conference was held on October 19, 2015, and the issue of venue was raised. Trans Union agreed to the transfer of this case to the Northern District of Ohio. Counsel for American Express was directed to discuss a change of venue with his client and report back to the court within 10 days. American Express did not agree to a

---

[1] This case was placed in suspense on November 3, 2014, so that Mr. Lyon could retain new counsel before the court ruled in his then counsels' request to withdraw.

transfer so a follow-up conference call was held today.

  4.  American Express objects to the transfer because: 1) this case was filed in February, 2014, and the issue of venue has only recently been raised; 2) it would be required to incur additional expense to hire new counsel; 3) a change in venue would result in unreasonable delay; and 4) it would be inconvenient for a witness American Express plans to call in this case.

  5.  Courts conduct a two-pronged inquiry when deciding whether transfer is proper.  First, I must determine whether the action could have been brought in the proposed transfer forum.  Second, I must determine whether the interests of justice and the convenience of witnesses make transfer appropriate.  *See* 28 U.S.C. § 1401(a).

  6.  There is no question that this matter could have been brought in the Northern District of Ohio, and the only reason it was brought here was for the convenience of Mr. Lyon's former counsel who are no longer representing him.

  7. Once a determination has been made that the case could have been brought in the transferee forum, the appropriateness of transfer is decided by weighing a variety of factors, including: 1) convenience of witnesses; 2) convenience of the parties; 3) location of relevant documents and access to sources of proof; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with governing law; 8) the weight accorded to the plaintiff's choice of forum; and 9) trial efficiency and the interest of

justice.

8.  Considering the above factors, American Express's objections to transfer are unpersuasive.  First and most importantly, we have a *pro se* plaintiff who lives in Ohio and has no contact with Pennsylvania.  If not for prior counsel, this case would not have been filed here and the issue did not arise until counsel was permitted to withdraw.  Second, Trans Union has agreed to the transfer.  Third, there has already been delay in this case while the issue of counsel has been resolved; however, during that time the case was stayed so no work should have been done or expense incurred.  As nothing has really happened in this case to move it forward for trial, there is no reason to think it will take longer to get to trial in Ohio than here.  Moreover, American Express is an international company that has ready access to counsel in Ohio who can get up to speed on this simple case without much additional delay or expense.  Finally, American Express will be in a better position to bring a witness to Ohio than Plaintiff would be to prepare and present a case in Pennsylvania.

9.  The interests of justice and the convenience of the parties and their witnesses make transfer appropriate in this case.

BY THE COURT:

 /s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.